UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIETER HORNEMANN,<br><br>          Plaintiff,<br><br>     v.<br><br>TARA LEAL, et al.,<br><br>          Defendants. | Case No. 1:23-cv-01615-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO (1) DISMISS COMPLAINT WITHOUT LEAVE TO AMEND, (2) DENY MOTION TO PROCEED IN FORMA PAUPERIS, AND (3) DENY APPLICATION FOR DEFAULT JUDGMENT<br><br>(Docs. 1 – 3)<br><br>**14-DAY DEADLINE** |

Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff filed his complaint and a motion to proceed in forma pauperis on November 16, 2023. (Docs. 1, 2). The matter was referred to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1)(B).

**I.     Screening Requirement**

The Court is required to screen complaints brought by litigants who seek to proceed in forma pauperis. 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or a portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, under Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss an action it the Court determines that it lacks subject matter jurisdiction.

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain

statement of the claim showing that the pleader is entitled to relief [.]" Fed. R. Civ. P. 8(a)(2). This means that the complaint must state its claims simply, concisely, and directly. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which the claims rest. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996).

A claim is legally frivolous when it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The central question is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, the complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the Court must accept the allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In reviewing a pro se complaint, the Court is to liberally construe the pleadings in the light most favorable to the plaintiff and resolve all doubts in plaintiff's favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("where the petitioner is pro se, particularly in civil rights cases, [courts should] should construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt."); *see U.S. v. Qazi*, 975 F.3d 989, 992-93 (9th Cir. 2020) ("It is an entrenched principle that pro se filings however inartfully pleaded are held to less stringent standards than

1  formal pleadings drafted by lawyers.") (citations and internal quotations omitted). However,
2  while factual allegations are accepted as true, legal conclusions are not. *Twombly*, 550 U.S. at
3  555.

4  **II.    Plaintiff's Allegations**

5    The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of
6  the sua sponte screening requirement under 28 U.S.C. § 1915.

7    Plaintiff brings claims against Tara Leal ("Leal"), Julia Barrera ("Barrera"), and Marina
8  Mercado ("Mercado"), as employees of the Clerk's Office of the California Superior Court,
9  County of Kern County ("Kern Clerk's Office"), as well as against the Kern Clerk's Office. (Doc.
10 1 at 2). Plaintiff alleges that he submitted a complaint petition prior to July 31, 2023 (presumably
11 to one or more of the Defendants associated with the Kern Clerk's Office) but that Defendant
12 Mercado "withheld" from Plaintiff the fact that "the petition had been confirmed." *Id*. at 3. It
13 was only later after Plaintiff called Mercado multiple times over the course of "many days" that
14 Mercado told Plaintiff that the petition had been confirmed. *Id*.

15   However, at the same time that Mercado told Plaintiff that his petition had been
16 confirmed, Plaintiff received an order from the judge in the case saying that Plaintiff only had 60
17 days from the date of a confirmation of a petition to file service of process. *Id*. Plaintiff again
18 called the clerk's office and spoke to a different deputy clerk who informed Plaintiff that he only
19 had a fraction of time left to complete service of process. It appears that because of this delay,
20 Plaintiff was able to complete service of process only on the eve of the terminal date provided. *Id*.
21 Plaintiff further claims that the clerk ignored his entry for a default judgment. *Id*.

22   Plaintiff also alleges a second occurrence where he filed a petition against "Hibbard" on
23 October 6, 2023, and specifically told the clerk that the statute of limitations for his claim would
24 expire on October 9. *Id*. at 3-4. However, four days later, the clerk's office rejected his petition.
25 *Id*. at 4. Plaintiff asserts that he complied with the instructions and that the statute of limitations
26 lapsed due to Defendant Barrera's actions. *Id*. Plaintiff also alleges that he delivered the petition
27 to the clerk's office on October 6, but the petition was only confirmed on October 27, 2023,
28 which was after the October 9, 2023, statute of limitations. *Id*. Plaintiff attempted to refile the

1  Hibbard petition, but an unnamed clerk wanted to stamp with the date October 17, 2023. *Id*.
2  When Plaintiff told the clerk that October 17 was beyond the date of the statute of limitations, the
3  clerk "rudely" told Plaintiff that he would have to accept the October 17 date, or the Hibbard
4  petition would not be filed. *Id*.

5  Plaintiff also complains of a third petition that he filed on October 6, 2023, against
6  "Shryock etc." The Shryock petition apparently was never submitted and needed more
7  corrections. Plaintiff suspects that the clerk of the court lied to him. *Id*. at 4.

8  Plaintiff further asserts that every time he submitted paperwork, it was returned by the
9  clerk's office because he "didn't cross his t's nor dot his I's." *Id*. He alleges that when he went to
10 the clerk's office on October 27, 2023, to return his corrected filing, he encountered two licensed
11 attorneys who did not appear to have the same issues that he had as a self-represented litigant. *Id*.
12 at 5. Plaintiff alleges that licensed attorneys are being treated differently than self-represented
13 persons. *Id*.

14 Although not entirely clear, Plaintiff appears to assert causes of action pursuant to 28
15 U.S.C. § 1983 and 18 U.S.C. § 242. *Id.* at 6. He requests an award for "50000.00 for each
16 petition and 2000.0 medical expenses, and punitive damages" because of his denial of equal
17 protection under the law and preventing him from filing his petitions in a timely manner. *Id.*

18 The Court notes that all defendants in this action are sued in their official capacities. (Doc.
19 1 p. 2).

20 **III.    Discussion**

21 **A. Defendants are Immune From Suit in Federal Court**

22 The Eleventh Amendment prohibits federal courts from hearing suits brought against a
23 nonconsenting state. *Munoz v. Superior Ct. of Los Angeles Cnty.*, -- F.4th --, 2024 WL 89380, at
24 *2 (9th Cir. Jan. 9, 2024). "This prohibition applies when the "state or the 'arm of a state' is a
25 defendant."" *Id.* (quoting *Durning v. Citibank, N.A*., 950 F.2d 1419, 1422 (9th Cir. 1991)).
26 Thus, the Eleventh Amendment bars suits against state agencies as well as those where the state
27 itself is named as a defendant. *Nat. Res. Def. Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 421
28 (9th Cir. 1996).

4

The Court of Appels has squarely held that the Superior Court of the State of California has sovereign immunity as an arm of the state and, thus, is immune from suit in federal court under the Eleventh Amendment. *Munoz*, 2024 WL 89380, at *2. Therefore, Plaintiff's claims against Defendant Kern Clerk's Office fails as a matter of law.

In *Whole Woman's Health v. Jackson* (595 U.S. 30, 39 (2021)), the Supreme Court held that state-court judges and state-court clerks are immune from suit in federal court under the Eleventh Amendment. The Court reasoned that these individuals are immune because they "do not enforce state laws as executive officials might" and because any errors they make in connection with their official duties can be remedied through "some form of appeal." *Munoz*, 2024 WL 89380, at *2 (quoting *Jackson*). For these same reasons, it is likely Defendants Leal, Barrera, and Mercado, as employees of the Kern Clerk's Office, enjoy immunity under the Eleventh Amendment to the same extent as the clerk's office. *See Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in a federal court against a state, its agencies, *and state officials in their official capacities*") (emphasis added) (citations omitted). Thus, Plaintiff's claims against Defendants Leal, Barrera, and Mercado, also fail as a matter of law under the Eleventh Amendment.

To the extent that Plaintiff brings claims against the individual defendants for allegedly preventing him from filing his "three petitions in a timely manner," dismissal also is warranted because Defendants Leal, Barrera, and Mercado separately are entitled to absolute quasi-judicial immunity. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987). In *Mullis*, a debtor brought a civil rights action against bankruptcy court clerks. *Id*. The plaintiff alleged that the bankruptcy court clerks accepted and filed his bankruptcy petition, but then allegedly violated his constitutional rights by refusing to accept and file his amended petition. *Id*. The Court of Appeals held that the clerks' refusal to accept and file an amended petition was an integral part of the judicial process. *Id*.

In this case, Plaintiff alleges that the Defendants neglected to timely inform him that his

petition had been confirmed (Doc. 1 at 3), rejected a different petition (which caused it to be refiled after the expiration of the applicable statute of limitations), and rejected a third petition because he needed to make corrections. *Id*. at 4.  As in *Mullis*, the conduct Plaintiff alleges Defendants engaged in was part-and-parcel with their core duties as deputy clerks, which is "an integral part of the judicial process." *See, e.g., Stribling v. Matherly*, No. 2:18-cv-01086-CKD-P, 2018 WL 6042782, at *2 (E.D. Cal. Nov. 19, 2018) (court clerk was entitled to absolute quasi-judicial immunity for allegedly returning a plaintiff's filing because it did not comply with the e-filing requirements); *Juarez v. Clerk, U.S. Fed. Ct., San Jose*, No. C 08-5691 RMW (PR), 2009 WL 385796, at *1 (N.D. Cal. Feb. 13, 2009) (court clerk was entitled to absolute quasi-judicial immunity for allegedly failing to send plaintiff court opinion denying his previously filed federal case); *Palacios v. Fresno Cnty. Superior Ct.*, No. 1:08-cv-0158-OWW-DLB, 2008 WL 314337, at *3 (E.D. Cal. Feb. 4, 2008) (court clerk was entitled to absolute quasi-judicial immunity for allegedly providing plaintiff with misinformation).  Relevant here, a court clerk sued for refusing to file a document is entitled to quasi-judicial immunity so long as the acts complained of are within the Court's jurisdiction. *See Hill v. Sacramento Cnty. Ct. Clerk*, No. 2:20-cv-01477-KJM-DMC-P, 2020 WL 6446103, at *2 (E.D. Cal. Nov. 3, 2020) (citing *Mullis*, 828 F.2d at 1390). Thus, Plaintiff's claims against Defendants Leal, Barrera, and Mercado, also fail as a matter of law because Defendants enjoy absolute quasi-judicial immunity.

### B. Leave to Amend Would Be Futile

The Court of Appeals has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Here, the Court finds Plaintiff's claims as asserted against Defendant Kern Clerk's Office

6

and the employee-Defendants are barred as a matter of law based on Eleventh Amendment immunity and quasi-judicial immunity. These defects cannot be cured through the assertion of additional facts; therefore, amendment would be futile. *Id*. Accordingly, leave to amend should be denied.

### IV.     Order and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The complaint (Doc. 1) be DISMISSED without leave to amend for failure to state a claim;
2. Plaintiff's request for entry of default judgment (Doc. 3) be DENIED as moot;
3. Plaintiff's application to proceed in forma pauperis (Doc. 2) be DENIED as moot;
4. The Clerk of the Court be DIRECTED to CLOSE this action.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within 14 days** of service of these findings and recommendation, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **February 9, 2024**                                  _____
                                                              UNITED STATES MAGISTRATE JUDGE